JOHNSON *et al. v.* WHITLEY GROCERY COMPANY.

112 449
115 781

LUMPKIN, P. J. 1. Equity will, by injunction and the appointment of a receiver, defeat the consummation of a fraudulent conspiracy between an insolvent debtor and another to prevent a creditor whose claim is secured by a title to personalty from subjecting the same to the satisfaction of that claim; the more especially when by the granting of the extraordinary relief a multiplicity of suits and protracted litigation, accompanied by depreciation in the value of the property and consequent loss to the creditor, will be avoided.

2. In such a case the superior court of the county of the debtor's residence has jurisdiction, although the property sought to be placed in the hands of a re-

29

ceiver may be located in counties of a judicial circuit other than that embracing the county first mentioned.

3. The right of a creditor thus secured to maintain, for the purpose above indicated, an equitable petition, is not affected by the fact that, pending the same, the debtor was adjudged a bankrupt. Upon this point the decision of this court in *Carter* v. *Bank*, 109 *Ga.* 573, is in principle controlling.

4. There was no abuse of discretion in passing the order to which exception is taken.                    *Judgment affirmed. All the Justices concurring.*

Argued December 5, — Decided December 19, 1900.

Injunction and receiver. Before Judge Littlejohn. Sumter county. July 9, 1900.

*James Taylor* and *J. H. Lumpkin*, for plaintiffs in error.
*Allen Fort* and *C. R. Winchester*, contra.