## REED *v.* EQUITABLE TRUST COMPANY.

1. The filing of a petition in bankruptcy by the defendant in a proceeding instituted in a State court to establish and foreclose a special lien on realty, which was created more than four months before the filing of such petition, will not affect the right of the plaintiff to proceed with the foreclosure, unless he proves his demand against the defendant in the bankrupt court.

2. Failure to attach proper exhibits to a petition should be met by an appropriate and timely demurrer.

3. The question of a court's jurisdiction to entertain an action can not be properly raised by presenting objections to an amendment to the plaintiff's petition, the allowance of which would make no change in the status of the case with respect to the matter of jurisdiction.

Submitted May 1,—Decided June 11, 1902.

Complaint. Before Judge Reid. City court of Atlanta. November 23, 1901.

*T. J. Ripley*, for plaintiff in error.
*Green & McKinney*, contra.

LUMPKIN, P. J.    The Equitable Trust Company brought, in the city court of Atlanta, an action against Mrs. Mary A. Reed, of Fulton county, to recover the amount due on a bond the payment of which was secured by a deed to land situated in the county of Columbia. The plaintiff prayed in its petition, not only for a general judgment against Mrs. Reed, but also that its special lien upon the land just mentioned be set up and established. The defendant relied on an answer in which the fact was recited that she had filed a voluntary petition in bankruptcy, and in which she prayed that the plaintiff's action be stayed until her discharge in bankruptcy and for twelve months thereafter. This prayer was expressly based upon the ground that the plaintiff was seeking to obtain against her a general judgment. After the filing of the defendant's answer, the trust company offered an amendment striking its prayer for a general judgment; and the judge thereupon passed an order calling upon Mrs. Reed to show cause why this amendment should not be allowed. In resisting this attempt on the part of the plaintiff to amend its petition, she insisted, (1) that although it, if amended as proposed, would seek only a foreclosure of the plaintiff's lien, there should nevertheless be a stay of the proceedings ; (2) that "no papers, deeds, are attached to said suit, authorizing a special judgment against defendant ; " and (3) that the plain-

tiff was not entitled to a special judgment foreclosing its lien, because the city court of Atlanta has no jurisdiction to foreclose a lien on land lying in the county of Columbia. The amendment was allowed, and a judgment in accord with the prayer thereof was rendered in favor of the plaintiff. The lien thus foreclosed had been in existence a much longer time than four months before the filing of the defendant's petition in bankruptcy, and there was no contention that the plaintiff had proved its demand against the defendant in the bankrupt court. The latter made no such defense, but is here excepting only to the allowance of the above-mentioned amendment to the plaintiff's petition, and to the judgment which necessarily followed.

1. The first of the objections to this amendment was not well taken. A complete answer to the point thus raised is to be found in the decision rendered by this court in *Carter* v. *Peoples National Bank*, 109 *Ga.* 573, and *Johnson* v. *Whitley Grocery Co.*, 112 *Ga.* 449. See, also, *Evans* v. *Rounsaville*, 115 *Ga.* 684.

2. The second ground of objection is also without merit. If the defendant had desired to call upon the plaintiff to attach to its petition proper exhibits, she should have done so by special demurrer to the petition itself.

3. Nor is the remaining objection to the allowance of the amendment good. The plaintiff was not seeking by amendment to set up any additional fact or to pray for any relief not sought in its original petition. The proposed amendment amounted to neither more nor less than a voluntary abandonment of the plaintiff's prayer for a general judgment and an election on its part to proceed only for an establishment of its special lien. The question whether or not the city court of Atlanta had jurisdiction to enforce this lien ought to have been raised by a timely demurrer, or by a motion to dismiss the plaintiff's action after the allowance of its amendment whereby it disclaimed any right to a general judgment, or by a motion to arrest the final judgment rendered in the case.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*