## ADKINS *v.* BRYANT.

1. A verdict and judgment rendered with the consent of counsel is binding upon the client, in the absence of fraud and collusion upon the part of the counsel with whose consent such verdict and judgment is rendered.
2. Under the facts in this case the court did not err in denying the motion to set aside and vacate the judgment attacked.

Submitted June 19,—Decided November 17, 1909.

Motion to set aside judgment. Before Judge Felton. Crawford superior court. October 27, 1908.

*M. G. Bayne,* for plaintiff.   *L. D. Moore,* for defendant.

BECK, J. The plaintiff in error, Mrs. Anna G. Adkins, made a motion to set aside and vacate the verdict and decree rendered at the preceding term of the court in a cause there pending between herself and W. T. Bryant, the defendant in error here. The motion was based upon the following grounds: "1st. Because the said verdict and decree was entered into without plaintiff's consent. 2nd. Because the said verdict and decree was entered into without any authority from her, but was made without her consent

30

by counsel." A rule to show cause was issued upon this motion; and at the hearing the movant testified, that in the case in which the judgment was rendered, which she now seeks to have set aside, her attorney at law representing her in the case at the time the judgment was rendered, without her knowledge and consent, agreed to the verdict and the judgment as rendered; that the verdict and judgment so rendered fixed a certain "dividing land line, by which she lost a part of a lot of land;" that she never ratified the agreement of her attorney nor the verdict and judgment in any way; and that she was not in court when said verdict and judgment were agreed to by her attorney. The record of the former suit was introduced, as well as the verdict and judgment agreed to, and the latter showed that a different line was established between the parties from the one claimed in the suit. The court, after hearing the evidence, denied the motion.

It will be observed that neither in the motion nor in the evidence is there anything upon which to base a charge of fraud upon the part of counsel who represented the plaintiff in error here in agreeing to the verdict and judgment which she sought to have set aside. The argument of counsel for the plaintiff in error in his brief, wherein it is contended that a different ruling from that made by the court below should have been made, because of fraud on the part of the attorney at law representing Mrs. Adkins in the suit in which the consent verdict and judgment was rendered, finds no support whatever in this record. There is nothing to suggest fraud upon the part of any one in the consent to the judgment attacked in this proceeding; nor is there anything in the record to suggest that counsel, whose conduct in the action which resulted in that judgment, did not act bona fide and for the best interest of his client. That being true, the court below could not have done otherwise than overrule the motion to vacate. In the case of *Williams* v. *Simmons,* 79 *Ga.* 649 (7 S. E. 133), it is said: "When a suitor comes into court, competent to select counsel, and does select counsel, no matter who the suitor may be, or how much married, the counsel is there for the purpose of representing the client; and whatever the counsel assents to, the client assents to. There is full power on the part of the counsel to represent the client, and it is just the same as if the client were there in person; and it is no an-

swer to a decree, a solemn judgment of a court, for the client to come in and say that the counsel misrepresented the client's interests, or did not represent the client's wishes. Let the client see that the counsel conforms to instructions; and if there is any injury by failure to do it, let the counsel answer for it, and not the other party."

*Judgment affirmed. All the Justices concur.*