### BRANNAN *v.* MOBLEY, superintendent of banks.

ATKINSON, J. 1. A ground of a motion for new trial is insufficient which complains of the admission in evidence of testimony of an attorney at law, over the objection, "that, if the witness was employed as an attorney at law to represent" the movant in a prior suit to which the testimony in question related, the "witness is incompetent, under § 5860 of the Civil Code, . . to testify." The rule contained in this code section is founded on the relation of attorney and client, and has no application where that relation does not exist. In order to get the benefit of the rule, the objection should state unqualifiedly that he was the attorney of the party to whom the testimony related.

(*a*) It does not aid the exception to state "that if he was not employed he was incompetent to testify at all."

(*b*) The foregoing ruling applies to the first and third special grounds of the motion for new trial.

2. Where evidence is objected to en bloc, certain portions of which are admissible, and portions are not, a complaint of the admission of the evidence as a whole is without merit. *Winkles* v. *Drake*, 165 *Ga.* 335 (2) (141 S. E. 67). This ruling applies to the second special ground of the motion for new trial.

3. Under the issues raised by the pleadings, testimony that the plaintiff, after receiving his deed from the defendant in execution, made improvements of a stated value on the land, was irrelevant, and its exclusion was not erroneous (as contended by the plaintiff) because it tended to show that the plaintiff "did not consent to the verdict and judgment herein attacked."

4. The fifth special ground of the motion for new trial complains that the court refused to allow a named witness, while on cross-examination by the plaintiff, to answer stated questions. This ground shows that

the witness answered all the questions that were propounded to her except the last, which was: "Q. And if she happened not to like one of you as well as she did?—" At this point the opposing counsel stated: "I object to that—that line of questions." Whereupon the court stated: "I sustain the objection." After the ruling the attorney for the plaintiff stated to the court that he desired to prove by the witness that the purpose for which the verdict and judgment sought to be set aside was obtained •was to put the title back into the defendant in execution, so she could deed the property which the plaintiff had received to the witness. No further ruling was invoked by the attorney or made by the court. There was no merit in this ground of the motion for new trial.

5. A ground of a motion for a new trial, complaining of the admission in evidence, over stated objections of the movant, of certain documents which are not set out literally or in substance in the motion, or attached thereto as exhibits properly identified, presents no question for adjudication. *Rainey* v. *Whatley*, 169 *Ga.* 172 (150 S. E. 95).

6. A verdict and judgment rendered with the consent of counsel is binding upon the client, in the absence of fraud and collusion upon the part of the counsel so consenting. *Adkins* v. *Bryant*, 133 *Ga.* 465 (66 S. E. 21, 134 Am. St. R. 211). Where an attorney at law consents to the taking of a compromise verdict and judgment in a case in which he is employed, such verdict and judgment are binding upon his client, if there was no fraud and no violation of express direction given by the client to the attorney and known to the adverse party or his attorney. *Coweta Fertilizer Co.* v. *Johnson*, 26 *Ga. App.* 528 (106 S. E. 610).

(a) The foregoing does not conflict with the ruling in *Davis* v. *First National Bank of Blakely*, 139 *Ga.* 702 (78 S. E. 190, 46 L. R. A. (N. S.) 750).

(b) In the charge as complained of in several of the grounds of the motion for a new trial the foregoing principles were applied. In some instances the charges excepted to may not have been entirely accurate, but none of them show error requiring the grant of a new trial for any reason assigned.

7. In the light of the explanatory note of the trial judge, there is no merit in the ground of the motion for a new trial which complains of a ruling allowing the attorney of record, on whose consent the verdict and decree in question were taken, to address the jury.

8. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 6968. OCTOBER 4, 1929.

246

*Brown & Brown*, for plaintiff.    *E. L. Reagan*, for defendant.