22172.  ROOKE, administrator, *v.* DAY.

DECIDED OCTOBER 28, 1932.  REHEARING DENIED FEBRUARY 15, 1933.

*George & John L. Westmoreland,* for plaintiff in error.
*Robert B. Blackburn,* contra.

JENKINS, P. J.  This was a proceeding by rule nisi to vacate a judgment of the court of ordinary allowing a second year's support to the widow of an intestate.  The original ground of the motion was that the administrators of the intestate had not been served with notice of the application for a second year's support.  The record shows an acknowledgment of service by attorneys for the administrators, dated the same day as that on which the application was filed; that after the return of the appraisers, citation was issued and published, and that, no objection having been filed, the return was admitted to record at the next regular term of the court of ordinary.  The ordinary overruled the petition to set aside, and on appeal to the superior court a verdict and judgment to the same effect were entered.  The administrators now except to the order overruling their motion for a new trial on the issue as to service, and also except to the ruling disallowing their proffered amendment setting up that the application for the second year's support was not served ten days before it was filed.  The amendment also

sought to show, as a reason for setting aside the judgment allowing the second year's support, that the applicant was not entitled thereto for the reason that there were then outstanding debts owing by the estate.

■ Attorneys at law "have authority to bind their clients in any action or proceeding, by any agreement in relation to the cause, made in writing, and in signing judgments, entering appeals, and by an entry of such matters, when permissible, on the dockets of the court; but they can not take affidavits required of their clients, unless specially permitted by law." Civil Code (1910), § 4955. While an attorney at law may not, without authority, accept service of process by which the court acquires jurisdiction over a party (*Clark* v. *Morrison,* 85 *Ga.* 229, 11 S. E. 614; and see *Hendrix* v. *Cawthorn,* 71 *Ga.* 742; *Buice* v. *Lowman Gold &c. Mining Co.,* 64 *Ga.* 769), and while it has been held that a judgment rendered against a party upon a wholly unauthorized appearance of an attorney may be set aside in a direct proceeding for that purpose (*Anderson* v. *Crawford,* 147 *Ga.* 455, 94 S. E. 574), still where an attorney at law has actually appeared in court on behalf of his client, and has thus become the attorney of record for that party, his authority as an officer of the court can not be limited by any private agreement between his client and himself, and if the attorney of record continues to act as such after he has in fact been discharged, the client continues to be bound thereby until the record which establishes his attorneyship is made to indicate his discharge. 6 C. J. 644, § 148. In the instant case it appears, without dispute, that service of the application of the widow for a second year's support was acknowledged by the attorneys who had already appeared as attorneys of record for the administrators in the court of ordinary. Neither the purpose nor the effect of such service was to give the court of ordinary jurisdiction over the administrators already engaged in administering the assets of the estate under the orders of that court, but it was intended merely to comply with the statutory requirements of the Civil Code (1910), § 4041, incident to the administration and pertaining to the necessary expenses thereof. While there is evidence to show that prior to such acknowledgment of service the administrators had paid the attorneys in full for their services up to the date of the payment, under an understanding between them that they or other attorneys would be engaged if further

legal services were needed, it nevertheless appears from the record that the administration of the estate had not been completed, and the records of the ordinary's court show nothing to indicate that the attorneys of record acknowledging service for the administrators did not continue in such capacity. In addition to this, it appears, without dispute, that before filing such application the attorney for the widow had consulted with one of the administrators with reference thereto, and had been referred by him to the attorneys who acknowledged service upon the application. In these circumstances the verdict finding that notice of the application for a year's support had been given was demanded.

■ This division of the syllabus deals with the contention that service on the administrators should have been made ten days prior to the filing of the application. A year's support to the widow and minor children of a deceased person is accounted among "the necessary expenses of administration," and it is the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice), to appoint appraisers to set apart and assign to the widow and children, or children only, a sufficiency of the estate for their support and maintenance for twelve months. Civil Code (1910), § 4041. Since the notice required to be given to the representative of the estate, when there is one, does not relate to the institution of a suit in the court of ordinary, but merely to a matter incident to the administration of the estate, for the allowance of a year's support as a part of "the necessary expenses of administration," and since, under the provisions of the Civil Code (1910), § 4043, citation must issue and be published for four weeks after the return of the appraisers before the return can be recorded, which time is allowed by statute for the filing of objections, it would not seem useful or necessary, nor is it required by the language of the statute above quoted, that notice of the application for the appointment of appraisers to set apart the year's support be served upon the representative of the estate any particular length of time before the filing of the application with the ordinary, but the ordinary is entitled to proceed to the appointment of appraisers "on notice to the representative of the estate." See, in this connection, *Mackie* v. *Glendenning*, 49 *Ga.* 367, 370.

The fact that the instant case relates to a second year's support does not operate to change the rule. "When an estate is to be kept together for a longer time than twelve months, and there are no debts to pay, and a widow and minor children to be supported out of said estate, they shall have a year's support for each year that such estate may be kept together, and the appraisers aforesaid may act in the same capacity for the second and any subsequent year, or new appraisers may be appointed by the ordinary to assign such support after the first year." Civil Code (1910), § 4042. Although a second year's support can not be allowed the family of a decedent when there are debts to be paid out of the estate (*Martin* v. *Gaissert*, 139 *Ga.* 693, 697, 78 S. E. 40), the right of the widow and children, or widow or children, to a second year's support, when the estate is kept together for more than a year without their connivance, and there are no debts to be paid, is a statutory right, just as is their right to a first year's support, and the procedure for setting aside a second year's support is not different from that provided in the case of an application for a first year's support, except that the appraisers originally appointed may act without a new appointment if so authorized by the ordinary. Accordingly, an application for the setting apart of a second year's support to the widow of an intestate is not the institution of an action against the estate in the court of ordinary, but is a procedure which is merely incidental to the pending administration of the estate. Consequently, it is not required that notice to the representative of an estate of an application for a second year's support be given any particular length of time before the filing of such preliminary application for a second year's support with the ordinary. Here, as in the first instance, before the return of the appraisers can be set up as a judgment of the court of ordinary, citation must be published four weeks, giving all interested parties notice to appear and object. In the instant case the notice of the application for a second year's support was sufficient as regards the time of service, since service thereof was acknowledged on the date of its filing.

■ The amendment of the administrators to their petition to vacate and set aside, in so far as it sought to set up as a ground for voiding the judgment on account of there being debts owing by the estate at the time the second year's support was allowed, would have constituted a good ground of objection to the return of the ap-

praisers, if filed in time, but such allegations can not be made a basis on which to attack a valid judgment entered thereon. The amendment was therefore properly disallowed. See *Matthews* v. *Rountree,* 123 *Ga.* 327, 329 (51 S. E. 423).

■ According to the rules of law stated above, the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

ON MOTION FOR REHEARING.

JENKINS, P. J. By a motion for a rehearing, the plaintiff in error insists that this court, in affirming the judgment of the court below denying a new trial, overlooked the fact that the record failed to show *affirmatively* that the attorneys who acknowledged service upon the application for a second year's support appeared in the court of ordinary as attorneys *of record* for the administrators. The proceeding was one by the administrators of the estate of an intestate to set aside a judgment previously rendered in the court of ordinary allowing a second year's support to the widow. The burden was upon the administrators to show the invalidity of that judgment. The principal ground of their motion was that there had been no service of the application for a second year's support. The record shows that service of the application was acknowledged by a firm of attorneys who purported to act as attorneys for the administrators, and who thus signed the acknowledgment of service. Upon their signing the acknowledgment of service, a presumption arose that they were authorized so to do. *Truluck* v. *Peeples,* 1 *Ga.* 3. *The burden was upon the administrators* to show that they had no such authority. This the administrators undertook to do by merely showing that the attorneys had no such *express* authority. No such authority was necessary if they were attorneys of record, and the presumption is that when they signed they were authorized to act. While in point of fact there is no direct and positive proof in the record to the effect that the records in the court of ordinary disclosed the names of the attorneys entered thereon as attorneys of record for the administrators, the proof offered on behalf of the administrators in the instant case wholly fails to *negative* such fact. On the contrary, the testimony of both administrators strongly indicates that such was the fact. One of the administrators testified that the attorneys were "employed generally to represent the administrators of the estate" until they were dismissed. The other ad-

ministrator testified that "shortly after we were appointed administrators" the firm was employed "to represent us" as attorneys, and that these attorneys were employed "to look after the estate generally shortly after" the death of the intestate. He further testified that the attorneys were employed generally as counsel for the administrators in the management of the estate. The record indicates (and that without dispute) that after the appointment of the administrators there was *at least* one other legal proceeding in the court of ordinary, since the instant application for a year's support was the second application of the widow. The record does not show that the firm of attorneys "employed shortly after the appointment of the administrators," and who acknowledged service upon the second application, actually appeared in the court of ordinary as attorneys of record for the administrators in the first application, but such appearance may be fairly inferred from the testimony of the administrators quoted above, and certainly the testimony on their behalf wholly fails to show that such was not the case. Since the burden was upon the administrators to show a lack of service of the application for a second year's support, and since they failed to carry that burden only to the extent that there was no *express* authority, and failed to offer any proof going to show that the attorneys who purported to act for them in acknowledging service did not have such authority, *as a matter of law* there was no evidence which could have authorized a verdict in their favor on the motion to set aside.

Counsel further insist, in the motion for a rehearing, that the court overlooked the exceptions pendente lite taken to the action of the trial judge in disallowing an amendment to the motion to set aside. The questions made by the exceptions pendente lite were dealt with in the original opinion. One of the grounds of the disallowed amendment to the motion related to the time of the service of the application for a second year's support. The remaining grounds of the disallowed amendment, not specifically dealt with in the original opinion, related, not to the validity of the judgment, but to its propriety. As stated in the original opinion, the facts set forth might have constituted good ground of objection to the allowance of the year's support, but constituted no ground upon which to attack the judgment. The grounds of the amendment that there was no proof before the ordinary of the allegation con-

tained in the application for a second year's support, and that the appraisers appointed to set aside the second year's support did not perform their duty, in that they made no investigation of the status of the estate, amounted to mere conclusions. Moreover, it must be presumed that a correct inventory and appraisement of the estate had been filed by the administrators, to which the appraisers had access, and of which the ordinary could take judicial notice. The other ground of the amendment to the motion, which averred that the year's support set aside was made to extend over a greater period than twelve months, in that the return set aside $3000, to be paid in monthly instalments of $250, out of commissions accruing on leases in favor of the estate, and provided that if any balance of the sum. set aside remained due at the end of twelve months, payments could continue until the sum set aside,·—$3000,—had been paid, is wholly without merit. The only purport and effect of the return and judgment was to set aside the sum of $3000 as a second year's support to the widow, and the manner and time of the payment provided for could not affect the validity of the judgment.                    *Rehearing denied.*