1. The purpose of the Declaratory Judgment Act of 1945 (Ga. L. 1945, p. 137), as declared in section 13 thereof is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally *Page 259 
construed and administered. Clein v. Kaplan, 201 Ga. 396
(40 S.E.2d 133).
2. The allegations of the petition showed an actual controversy between the petitioner, the insurance company, and the defendants, and presented a case for a declaratory judgment as to the rights of the parties, and, accordingly, the court did not err in overruling the ground of general demurrer that no cause of action was set forth.
3. The petition was not subject to the ground of demurrer that it showed that the petitioner had an adequate and complete remedy at law.
4. The petition was not subject to the special demurrer on the ground of misjoinder of parties defendant, since it was alleged that all of the defendants contend that the liability-insurance policy issued by the petitioner to one of the defendants, against whom tort actions had been brought by the other defendants, was valid and obligated the insurance company to defend, on behalf of the policyholder, such suits and pay any judgment that might be rendered therein, the insurance company contending to the contrary.
Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents because he does not think that this is a proper case for the application of the Declaratory Judgment Act.
 No. 15738. APRIL 17, 1947. REHEARING DENIED MAY 16, 1947.
Standard Accident Insurance Company filed a petition in the Superior Court of Fulton County, naming as defendants Daniel Walker Fowler, Mrs. Frances Mensinger, Miss Mattie Lou Rudolph, Mrs. K. B. Rudolph as next friend of Miss Mattie Lou Rudolph, and J. S. Valdes Jr., and alleging the following: On or about July 6, 1946, the defendant Fowler purchased an automobile from Thomas E. Plemmons; and acting for and on behalf of Fowler, Plemmons called A. C. Latimer, an agent of the petitioner, and talked to him with reference to obtaining a liability-insurance policy for Fowler. Latimer, after talking to Plemmons for a few minutes, called to the phone L. G. Brown, an employee of Epsten-Stringer Company, agent of the petitioner, and had him to talk to Plemmons with reference to the purchase of insurance by Fowler. In that conversation Plemmons gave an order for the purchase of a liability-insurance policy to be issued by the petitioner to Fowler, telling Brown that Fowler would stop by the office of Epsten-Stringer Company within a few days and accept delivery of the policy. Several days thereafter Fowler called Latimer over the telephone and asked if he, Fowler, could get out of buying the said policy of insurance from the petitioner's *Page 260 
agent, Epsten-Stringer Company. Latimer told Fowler that the policy had been written, that it was good insurance, but that Fowler did not have to take it. He also told Fowler that Epsten-Stringer Company, the petitioner's agent which prepared the policy, could make him pay the premium for the policy or a fractional part thereof, but that it did not do business that way; and Latimer agreed with Fowler that the policy which had been written was canceled and of no further effect, and that Fowler had no obligation to pay the premium for the said policy or any part thereof. Latimer notified Brown that the policy had been canceled, and Brown stamped the policy, which had never been delivered, canceled. At approximately 1:15 a. m. on August 4, 1946, Fowler had a collision with an automobile which was being driven by the defendant Valdes and in which the defendants, Mrs. Mensinger and Miss Rudolph, were riding. On August 6, 1946, Fowler called the office of Epsten-Stringer Company on the telephone and talked to Brown and asked him if he, Fowler, could still get the policy of insurance that he had previously talked about with Brown and Latimer. At the time of the conversation the policy had actually been canceled and marked canceled, but was physically present in the office of Epsten-Stringer Company waiting to be forwarded to the petitioner's home office in Detroit, Michigan, for physical destruction. Brown told Fowler that he could get the policy if he wanted it. In the conversation Fowler did not tell Brown anything about the collision that he had had with the automobile of the defendant Valdes. Following that conversation Brown removed the cancellation mark that had been endorsed on the policy by a rubber stamp. About two hours after that telephone conversation, at approximately 11 a. m. on August 6, 1946, Fowler stopped by the office of Epsten-Stringer Company, saw Brown, and paid him $25 on account of the premium of the policy and obtained possession of the policy from Brown. Fowler did not tell Brown of the occurrence of the automobile collision, on the morning of August 4, 1946, at the time he paid Brown the $25 and obtained possession of the policy on August 6, 1946. Approximately two hours after leaving the office of Epsten-Stringer Company on the morning of August 6, 1946, Fowler called the office of Epsten-Stringer Company on the telephone and gave notice of the collision that he had had with the automobile of the *Page 261 
defendant Valdes on August 4, 1946, and this notice was the first knowledge of the petitioner or any of its agents or employees as to the said collision. The petitioner immediately began an investigation into the circumstances surrounding the entire transaction. On August 16, 1946, Fowler called at the office of Latimer and brought with him copies of suits that had been filed against him in Fulton Superior Court by the other defendants to this action, the said suits being cases Nos. 160,425, 160,426, and 160,427. At the said time and place the defendant Fowler conferred with the said Latimer and Thomas B. Branch Jr., one of the petitioner's attorneys, and in this conference Fowler admitted the facts hereinabove set out. He was informed that it was the petitioner's position that under the circumstances hereinabove set out the policy was not in effect at the time of the collision between the automobile driven by him and the automobile driven by the defendant Valdes on the morning of August 4, 1946. During the said conference Latimer delivered to Fowler a letter reading as follows: "August 16, 1946. Mr. Dewell Walker Fowler, Atlanta, Georgia. Dear Sir: Because of your misrepresentation in obtaining the issuance of Standard Accident Insurance Company policy number JC-472195, Standard Accident Insurance Company elects to rescind said policy. Herewith is tendered the twenty-five dollars which was paid by you at the time you obtained delivery of said policy. Very truly yours, [Signed] Standard Accident Insurance Company, by. . ." Latimer also tendered to Fowler $25 in lawful United States currency, which was referred to in the said letter and attached thereto. The petitioner refused to accept the copies of the petitions in the cases filed against Fowler by the other defendants. Fowler accepted the said letter, together with the $25 in United States currency, and left the office of Latimer, taking with him the said copies of suits. Thereafter, on August 27, 1946, one Ward Matthews came to the office of Latimer and handed him an envelope which, when opened, was found to contain the $25 in currency and a letter reading as follows: "August 27, 1946. Standard Accident Insurance Company, Atlanta Claim Department, 454 Hurt Building, Atlanta, Georgia. Gentlemen: Enclosed you will find $25 which you sought to tender to Mr. Dewell Walker Fowler who is insured under your liability policy No. JC-472195. This policy was issued on July 8, 1946. This *Page 262 
policy was never sought to be canceled by your company until after the wreck. Your agent, Epsten-Stringer Company, 456 Hurt Building, Atlanta, Georgia, sent Mr. Fowler a bill for the premium. This policy provides certain means by which either of the parties can cancel the same, and this must be by written notice. This was not done in this case until after the liability occurred. We are enclosing herein a copy of suit No. 160,427, entitled Mrs. Frances Mensinger v. Dewell Walker Fowler, suit No. 160,425 entitled J. S. Valdes Jr. v. Dewell Walker Fowler, and suit No. 160,426, entitled Miss Mattie Lou Rudolph, by n/f. All of these suits were filed in the Superior Court of Fulton County, Georgia, and your insured under the above policy is Dewell Walker Fowler, and he expects your company to comply under the terms of contract of insurance and defend the same. We will appreciate very much if you will acknowledge receipt of this letter. We are sending a copy of same to the home office of the Standard Accident Insurance Company of Detroit, Michigan. Yours truly, [Signed] Dewell Walker Fowler by Ward Matthews Jr., his attorney at law." Latimer told Matthews that he would not accept the said sum on behalf of the petitioner, whereupon Matthews laid the said sum upon Latimer's desk and walked out of his office. The petitioner has never accepted the said sum, but on the contrary refused to accept such money and holds the same subject to the order of the defendant Fowler. It is the position of the petitioner that the said policy of insurance was not in force at the time of the collision of the automobile driven by the defendant Fowler and the automobile driven by the defendant Valdes on August 4, 1946, and that it is under no duty of any kind to Fowler because of the said policy; that it is under no duty to Fowler in the suits filed against him by the other defendants to this cause; that it will not become liable to the defendant Valdes, Mrs. Mensinger, and Miss Rudolph, because of the said policy, in the event that they or any of them recover judgments against Fowler in the suits filed by them against him. Fowler contends that the policy of insurance was in force at the time of the collision between the automobile driven by him and the automobile driven by Valdes on August 4, 1946. He also contends that the petitioner is under the duty to defend the suits filed against him by the other defendants hereto; and that the petitioner will be obligated by virtue of *Page 263 
said policy to pay any judgments rendered against him on behalf of the other defendants hereto.
The defendants, Valdes, Mrs. Mensinger, Mrs. Rudolph, and Miss Rudolph, contend that the policy was in full force and effect at the time of the collision between the automobiles driven by Fowler and the automobile driven by Valdes on the morning of August 4, 1946. They also contend that the petitioner will be obligated to pay any judgments that may be rendered on behalf of them or any of them in the suits filed by them against Fowler.
The situation presented by the facts hereinabove set out and the conflicting contentions of the parties to this cause is an extremely doubtful one, and presents a proper case for the declaration of the rights of all the parties hereto with regard to the said insurance policy. An actual controversy exists between the petitioner and the defendants to this action with reference to the matters hereinabove set out. The situation presented by the filing of the suits and the demand of Fowler that the petitioner defend the suits present a proper case for the preservation of the status with reference to the suits as the same now exists and until the respective rights of the parties hereto as to the said policy shall have been finally declared and determined. To that end the court should enter an order restraining and enjoining all of the defendants hereto from prosecuting the said suits until after the rights of the parties hereto with reference to the said insurance policy shall have been declared and determined; and the court should also enter an order staying the said suits Nos. 160,425, 160,426, and 160,427 and ordering and directing that no default of judgment of any kind be entered in said suits until after the rights of all of the parties hereto with reference to the said insurance policy shall have been declared and determined. The defendant, Mattie Lou Rudolph, is a minor, and a guardian ad litem should be appointed in this proceeding.
The prayers were: (a) that process issue; (b) that pending final determination of the cause the defendants and each of them be restrained and enjoined from prosecuting the suits filed in Fulton Superior Court; (c) that the court declare the rights of all of the parties hereto with reference to the said insurance policy; (d) that the court enter an order directing that no default or judgment of any kind be entered in said suits in Fulton Superior *Page 264 
Court until after the final determination of the rights of the parties with reference to the said insurance policy; (e) that the petitioner have such other and further relief as it may be entitled to.
The defendants, Mrs. Frances Mensinger, Miss Mattie Lou Rudolph, Mrs. K. B. Rudolph, as next friend of Miss Mattie Lou Rudolph, and J. S. Valdes Jr., demurred generally to the petition, on the grounds that no cause of action is set forth, and that the petition shows on its face that the petitioner has a complete and adequate remedy at law, and does not set out any right to equitable relief against them. They demurred specially on the ground that there is a misjoinder of defendants, because the petition shows on its face that the petitioner has no cause of action against the demurrants, in that they are not parties to the contract of insurance, which is a contract between the petitioner and the defendant Fowler. The court overruled all grounds of demurrer, and the exception here is to that judgment.