## Mayo v. Owen, administrator, et al.

Duckworth, Chief Justice. To the petition of the administrator for interpleader to require named persons who claimed to be heirs to set up their claims, and for the court to adjudicate the lawful heirs, all defendants, except the husband of the deceased intestate, filed an answer

which contained an allegation that the husband had been convicted of the murder of the deceased and is now serving a life sentence therefor. To this allegation Mayo, the husband, filed a demurrer upon the grounds that it was irrelevant and prejudicial. The court order thereon recites that "after hearing argument . . it is ordered and adjudged that the demurrer is overruled," and the bill of exceptions to the judgment overruling the amended motion for a new trial assigns error upon exceptions pendente lite to the judgment overruling the demurrer. *Held*:

Notwithstanding the requirement of Code (Ann. Supp.) § 81-301 (Ga. L. 1857, p. 107; 1946, pp. 761, 773) that demurrers to answers be filed within 15 days after such defensive pleadings have been filed, there was no motion to dismiss, and the court did not in fact dismiss this demurrer but instead ruled on the merits; and the parties, having procured this ruling, are held to have waived the time of filing. But, irrespective of all other questions, this ruling erroneously adjudicates that this portion of the petition constitutes a valid defense and is not subject to demurrer—thus constituting the law of the case and authorizing evidence in proof thereof—whereas a dismissal of the demurrer would not affect the petition and, hence, would allow objections to evidence to support that part of the pleading: The judgment must be reversed, since it is materially different from a judgment dismissing the demurrer because it was not filed in time. *Crumley* v. *Hall*, 202 *Ga.* 588 (43 S. E. 2d, 646). This ruling is not in conflict with the decisions in *Richmond & D. Ry. Co.* v. *Mitchell*, 95 *Ga.* 78 (22 S. E. 124); *City Council of Augusta* v. *Lombard*, 101 *Ga.* 724 (28 S. E. 994); *Ford* v. *Fargason*, 120 *Ga.* 708 (48 S. E. 180); *Roberts* v. *Burnett*, 164 *Ga.* 64 (137 S. E. 773). Since the court erred in overruling the demurrer, this error rendered nugatory all subsequent proceedings.

*Judgment reversed. All the Justices concur.*

No. 17357. FEBRUARY 13, 1951. REHEARING DENIED MARCH 14, 1951.

*Cumming, Cumming & Cumming,* for plaintiff in error.

*Christopher & Futral, Beck, Goodrich & Beck,* and *John H. Goddard,* contra.