18874. BENNETT *v.* REWIS.

Argued February 15, 1955—Decided March 14, 1955.

508

*Franklin, Eberhardt & Barham,* for plaintiff in error.

*J. Lundie Smith, B. Lamar Tillman, W. W. Rehberg,* contra.

HEAD, Justice.   A petition to enjoin continuous trespasses on land, which fails to describe the land with a sufficient degree of certainty to establish the identity of the land claimed by the petitioner, is insufficient and may be dismissed on general demurrer. *Laurens County Board of Education* v. *Stanley,* 187 *Ga.* 389 (200 S. E. 294) ; *Bruce* v. *Strickland,* 201 *Ga.* 526 (40 S. E. 2d 386) ; *Miller* v. *Stewart,* 202 *Ga.* 127 (42 S. E. 2d 445) ;

*Hamilton* v. *Evans,* 208 *Ga.* 780, 781 (4) (69 S. E. 2d 739). "When a petition is so defective that there can be no lawful recovery thereon, an oral motion to dismiss the case in the nature of a general demurrer may be made at any time before verdict." *Kelly* v. *Strouse & Bros.,* 116 *Ga.* 872 (43 S. E. 280); .*Darley* v. *Starr,* 150 *Ga.* 88 (102 S. E. 819).

In the present case, the petitioner alleged that he is "the true and lawful owner" of the lands described in paragraph 1 of his petition. The description in paragraph 1, prior to amendment, was insufficient to locate the lands referred to therein.

The petitioner relied on ownership and on possession. A bare right of possession will authorize recovery of lands. Code §§ 105-1402, 105-1403; *Whiddon* v. *Williams Lumber Co.,* 98 *Ga.* 700 (25 S. E. 770); *Ault* v. *Meager,* 112 *Ga.* 148 (37 S. E. 185); *Fender* v. *Gardner,* 153 *Ga.* 460 (112 S. E. 368); *James* v. *Riley,* 181 *Ga.* 454 (2) (182 S. E. 604). In paragraph 4 it is alleged that the defendant owns lands in two of the lots set out in paragraph 1, "lying north of a certain line between your petitioner and the defendant, which line is clearly located and established by 'blazed' trees." Whether or not the allegations of the petition were sufficient to show that the defendant was in possession of land in named land lots north of an established and blazed line, and the petitioner in possession of lands in the same lots south of the line, need not be determined.

Generally, a petition may be amended at any time before a final order sustaining a general demurrer, or a motion to dismiss in the nature of a general demurrer. In the present case, the insufficient description of the land, in so far as it related to title, was cured by amendment. It appears that the description in the original petition and in the amendment both refer to land in lot 69 in the thirteenth land district of Echols County. "An insufficient description of the land sued for may be cured by amendment, where it appears that the description in the original petition and that in the amendment refer to the same land." *Stringer* v. *Mitchell,* 141 *Ga.* 403, 404 (2a) (81 S. E. 194); *Luquire* v. *Lee,* 121 *Ga.* 624 (49 S. E. 834); *Martin* v. *Oakhurst Development Corp.,* 197 *Ga.* 288 (2), 294 (29 S. E. 2d 179). The petition having been amended to describe accurately the lands upon which the petitioner claimed the defendant was trespassing

510

and cutting timber, the motion to dismiss was properly overruled.

There was no reversible error in overruling the special demurers of the defendant. "If a petition as originally filed be subject to a special demurrer, an amendment of the petition in other respects will not authorize the filing of such a special demurrer at the trial term." *Wardlaw* v. *Southern Ry. Co.*, 199 *Ga.* 97, 99 (4a) (33 S. E. 2d 304); *Johns* v. *Nix*, 196 *Ga.* 417 (26 S. E. 2d 526); *Cooper* v. *Mims*, 204 *Ga.* 357 (2) (49 S. E. 2d 824). If the special demurrers of the defendant came too late, as having been filed at the trial term, and attacking allegations of the petition which had not been amended, this would have authorized the court to dismiss the demurrers rather than to overrule them. But since the demurrers were not meritorious, it was not error to overrule them. This ruling in no wise conflicts with any ruling in *Mayo* v. *Owen*, 207 *Ga.* 641 (63 S. E. 2d 649).

*Judgment affirmed. All the Justices concur.*