39457.   PENNSYLVANIA  THRESHERMEN  &  FARMER'S
MUTUAL  CASUALTY  INSURANCE  COMPANY  v.
WILKINS  et al.

DECIDED SEPTEMBER 5, 1962—REHEARING DENIED
SEPTEMBER 21, 1962.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, Barry T. Winston,* for plaintiff in error.

*E. C. Harvey, Jr., Sosebee & Clarke, H. A. Stephens, Jr., Smith, Field, Ringel, Martin & Carr,* contra.

*Gambrell, Harlan, Russell, Moye & Richardson,* for parties at interest.

BELL, Judge. The sole question raised by this bill of exceptions is: Does the plaintiff's petition, as twice amended, state a justiciable controversy authorizing the granting of a declaratory judgment?

As stated in a leading opinion: "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U. S. 270 (61 SC 510, 85 LE 826). See also *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437 (117 SE2d 459) ; s.c., *Johnson v. St. Paul Fire &c. Ins. Co.,* 101 Ga. App. 734 (115 SE2d 221).

The defendants Vaughn Lumber Co. and Fanny M. Washington contend that the cases relied upon by the plaintiff to show that a cause of action is stated for declaratory relief are all distinguishable from the present case by reason of the fact that the plaintiff alleges that at the time of the collision defendant Carlan was *not an insured* under the plaintiff's policy, and the policy and its endorsements exhibited by amendment disclose that Carlan was not named in the policy. Reasoning from this, these defendants urged that the allegation in the petition that defendant Carlan claims he is afforded bodily insurance and property damage liability coverage and the collision coverage under the policy is not a sufficient allegation to justify a declaration of rights. In support of this position the defendants cite *Georgia Marble Co. v. Tucker,* 202 Ga. 390 (1) (43 SE2d 245) and *Sanders v. Harlem Baptist Church,* 207 Ga. 7, 9 (59 SE2d 720) ; both holding in effect that a petition alleging merely that a defendant "claims" or "contends" that it is the owner of interest in realty owned by the petitioner falls short of stating a justiciable dispute such as is contemplated by the Declaratory Judgments Act.

While the earlier cases in the United States generally tended to hold that a liability insurer was not entitled to a declaratory judgment as to liability under its policy until after plaintiff had recovered a judgment against the insured and asserted a claim

against the insurer, the trend of decisions recently has been away from this position and towards allowing the insurer a declaration of rights as to its liability under the policy or duty to defend either pending or threatened actions against its alleged insured. 20 Appleman Insurance Law and Practice, §§ 11353 and 11354.

In the Maryland Cas. Co. case, supra, the conflict in the Federal courts as to the rights of the insurer to have a declaration against the insured and injured third party of non-coverage was settled. Decisions of our Supreme Court and of this court have allowed the insurer a declaration of rights against its insured whether or not actions had been brought by the third-party claimant and even where no claim of any kind had been made against the insurer. *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437, supra; *Mensinger v. Standard Acc. Ins. Co.,* 202 Ga. 258 (42 SE2d 628) ; *Buffington v. New Hampshire Fire Ins. Co.,* 104 Ga. App. 139 (121 SE2d 270) ; *Milwaukee Mechanics Ins. Co. v. Davis,* 79 Ga. App. 70 (52 SE2d 643).

Under the allegations of the petition, the parties insured by the plaintiff had no insurable interest in the tractor and semi-trailer which were instead owned by the driver, who was not an insured under the policy, and the exclusions of the policy set forth in the petition also clearly show the driver was not an insured. The mere fact that the third person claims he is insured without any possible basis being set out for his claim is not sufficient to create a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Georgia Marble Co.* and *Sanders,* supra. The petition categorically alleges that Carlan *owned* and was *operating* the tractor and trailmobile at the time of the accident and that he was *not an insured* under the policy. With equal emphasis the petition alleges that the defendants, Higgins and Wilkins, while insured under a policy issued by the plaintiff, *had no insurable interest* in the semi-trailer. With these positive declarations, how can it be said that the insurance company is asserting a substantial controversy between itself and these three parties? To the contrary it is quite apparent that the insurance company by

574

these allegations has expressly negated the possibility of any substantial controversy as between them. These allegations clearly distinguish this case from *St. Paul,* supra, where there was affirmatively alleged a substantial controversy between the insurer and the insured. Under these allegations, any controversy which might exist between the insurer, the insureds, and the driver was not substantial nor could it have the reality necessary under the Declaratory Judgments Act. "It has been said that the declaratory-judgment law permits one who is walking in the dark to turn on a light to ascertain where he is and where he is going . . . However, one walking in full daylight, who knows where he is going and is confident of the course he is pursuing, has no need either of artificial light or judicial advice." *Venable v. Dallas,* 212 Ga. 595 (94 SE2d 416). See also *Bankers Life &c. Co. v. Cravey,* 90 Ga. App. 113, 123 (82 SE2d 150). "A declaratory judgment cannot be obtained where there is no room for a reasonable question as to the rights of the parties." 26 CJS 98, Declaratory Judgments, § 25; and *Brown v. Lawrence,* 204 Ga. 788 (51 SE2d 651).

Since the petition did not state a cause of action for a declaratory judgment, the trial court properly sustained the renewed demurrers of the defendants, Vaughn Lumber Co. and Washington.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*