107 Ga. App. 472 (1963)
130 S.E.2d 507
PENNSYLVANIA THRESHERMEN & FARMERS MUTUAL CASUALTY INSURANCE COMPANY
v.
GARDNER et al.
39913.
Court of Appeals of Georgia.
Decided March 7, 1963.
Sharpe & Sharpe, T. Malone Sharpe, T. Ross Sharpe, for plaintiff in error.
Perry Brannen, Allen & Edenfield, contra.
*476 CARLISLE, Presiding Judge.
1. Where there exists a controversy within the meaning of the Declaratory Judgments Act (Code *473 Ann. § 110-1101), parties to a policy of automobile liability insurance may invoke this remedy for determination of controversies arising from the construction and operation of the policy. St. Paul Fire &c. Ins. Co. v. Johnson, 216 Ga. 437 (117 SE2d 459); Mensinger v. Standard Acc. Ins. Co., 202 Ga. 258 (42 SE2d 628). See also, Pennsylvania Threshermen &c. Ins. Co. v. Wilkins, 106 Ga. App. 570, 573 (127 SE2d 693), and cases cited.
2. The question of whether an insurance company is required to defend an insured in a damage suit may be a proper subject for declaratory judgment where the facts alleged present an actual or justiciable controversy for determination by the courts, St. Paul Fire &c. Ins. Co. v. Johnson, 216 Ga. 437, supra, and cases cited, or when the ends of justice demand that such relief be given. Calvary Independent Baptist Church v. City of Rome, 208 Ga. 312 (66 SE2d 726). See also 26 CJS 169, Declaratory Judgments, §§ 66 and 67.
3. However, it is encumber upon the party seeking such declaration to allege facts sufficient to show the existence of a controversy within the meaning of this statute, and a petition which does not set forth an actual controversy between the parties may be subject to demurrer. Darnell v. Tate, 206 Ga. 576 (58 SE2d 160); Moore v. Young, 101 Ga. App. 553 (114 SE2d 446). See also Georgia Marble Co. v. Tucker, 202 Ga. 390 (43 SE2d 245); Brown v. Cobb County, 212 Ga. 172 (91 SE2d 516); Lewis v. Lewis, 212 Ga. 168 (91 SE2d 336).
4. When the petition contains only conclusions of the pleader that there does exist a substantial controversy for determination, and no facts are alleged upon which the controversy can be predicated, the petition fails to state a justiciable dispute or controversy which would authorize the court to grant any relief under Section 1 of the Declaratory Judgments Act (Ga. L. 1945, p. 137; Code Ann. § 110-1101, subsection (a)). Moore v. Young, 101 Ga. App. 553, supra; Georgia Marble Co. v. Tucker, 202 Ga. 390, supra; Darnell v. Tate, 206 Ga. 576, supra.
5. Although the petition here concludes that there is a substantial controversy between the parties as to automobile liability insurance coverage on an automobile involved in a collision, the petition alleges that no insurance policy was issued, that no premium was charged or paid for such coverage, and the *474 petition fails to set forth facts showing a controversy as to the existence of a contract from which insurance coverage would be derived. Thus, when it was encumbent upon the pleader to allege facts showing an actual controversy of real and imminent threat upon which to predicate the declaratory relief sought, Darnell v. Tate, 206 Ga. 576, supra; Moore v. Young, 101 Ga. App. 553, supra; Georgia Marble Co. v. Tucker, 202 Ga. 390, supra, the allegations of its petition expressly negate the possibility of any substantial controversy, between the insurer and an insured, arising from the construction and operation of a policy for automobile liability coverage. See Georgia Cas. &c. Co. v. Hardrick, 211 Ga. 709 (88 SE2d 394), and cases cited; Peninsular Life Ins. Co. v. Downard, 99 Ga. App. 509 (109 SE2d 279); Code Ann. Ch. 56-24. "A declaratory judgment cannot be obtained where there is no room for a reasonable question as to the rights of the parties." 26 CJS 98, Declaratory Judgments, § 25; Brown v. Lawrence, 204 Ga. 788 (51 SE2d 651); Pennsylvania Threshermen &c. Ins. Co. v. Wilkins, 106 Ga. App. 570, supra. And plaintiff's petition was subject to general demurrer in that it failed to set forth a justiciable dispute for determination by the court. Pennsylvania Threshermen &c. Ins. Co. v. Wilkins, supra, distinguishing St. Paul Fire &c. Ins. Co. v. Johnson, 216 Ga. 437, supra.
6. Assuming, without deciding, that plaintiff's petition did contain allegations of fact sufficient to show a dispute based upon claims of defendant for fraud and deceit by plaintiff's agent in making her believe that the automobile involved in the collision was covered by liability insurance, the petition would not present an actual or justiciable controversy within the meaning of Section I of the Declaratory Judgments Act. Such allegations would not state an issue as to the construction of a liability insurance contract, a dispute as to the rights of the parties thereto, or even a controversy as to the existence of such policy, but would be predicated upon the plaintiff's liability in tort for having defrauded defendant with misrepresentations as to the issuance of an insurance contract providing coverage on the automobile. See Clark v. Kelly, 217 Ga. 449 (122 SE2d 731); Kelly v. Georgia Cas. &c. Co., 105 Ga. App. 104 (123 SE2d 711). A declaration, as sought by plaintiff, freeing it from any obligation to defend the *475 damage suit pending against defendant and to relieve it of any obligation to indemnify the defendant for or on account of any judgment to be rendered, could only determine the advisability of plaintiff attempting to mitigate damages for which it would be liable in the event its agent had defrauded the defendant. Code § 105-1802. See Code § 105-2004, and Commercial City Bank v. Mitchell, 25 Ga. App. 837 (105 SE 57).
7. The Declaratory Judgments Act does not authorize the court to render advisory opinions and "[a]ctions are merely advisory when there is an insufficient interest of either plaintiff or defendant to justify judicial determination, that is where the judgment sought would not constitute specific relief to one party or the other." Anderson, Declaratory Judgments, Vol. I, § 11, p. 55; Cook v. Sikes, 210 Ga. 722 (82 SE2d 641). Questions which are merely incidental to and determinative of no controversy between the parties are not the proper subject matter of a declaratory judgment proceeding. Darnell v. Tate, 206 Ga. 576, 580, supra.
8. The purpose of the Declaratory Judgments Act is to settle and afford relief with respect to rights, status and other legal relations, Code Ann. § 110-1111, and the courts of this state will refuse to render or enter a declaratory judgment or decree when such judgment or decree, if rendered, will not terminate the controversy or remove the uncertainty giving rise to the proceeding. Code Ann. § 110-1109; Cook v. Sikes, 210 Ga. 722, supra.
9. The petition does not set forth a substantial controversy within the meaning of the Declaratory Judgments Act, and the court did not err in sustaining the general demurrer.
Judgment affirmed. Bell and Hall, JJ., concur.