41500, 41527.   HATCHER v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY; and vice versa.

ARGUED SEPTEMBER 10, 1965—DECIDED NOVEMBER 23, 1965.

*Frank F. Faulk, Jr.,* for plaintiff in error.

*Watson, Keenan, Spence & Lowe, Frank H. Lowe, Jr.,* contra.

EBERHARDT, Judge. ■ *The motion to quash process.* The process annexed to the petition for declaratory judgment was in full conformity with the provisions of *Code Ann.* § 81-201, requiring answer to be made within 30 days from the date of service. The suit was filed April 8 and copies of the petition, process and court order in connection therewith were delivered that day to the sheriff or his deputy for service. On the same day the deputy sheriff delivered a copy of the petition, process and order to each of the named defendants personally, and entered on the original petition a return of personal service as to all of them.

Mrs. Hatcher moved to quash the process because the deputy did not, at the time of service, enter on the copy delivered to her a notation, as provided in *Code Ann.* § 81-202, showing the date of service and sign it.

Immediately following the provision for this notation in the Code section it is asserted: "Provided, however, that the failure of the copy served on the defendant to show thereon a date of service signed by the officer serving shall not invalidate any service otherwise legally made." This is sufficient basis for sustaining the dismissal of the motion to quash, for it is not contended that the service was not "otherwise legally made." Moreover, when she demurred generally to the petition on April 30 without raising any question as to the jurisdiction of the court over her person by reason of any failure of or defect in the service, she waived any defect or irregularity in the process,—even a lack of process, and the service thereof. *Code* § 81-209; *Savannah, F. &c. R. Co. v. Atkinson,* 94 Ga. 780 (2) (21 SE 1010); *Southern R. Co. v. Cook,* 106 Ga. 450 (3) (32 SE 585). It is to be noted that she insisted upon the sustaining of these demurrers in the trial court and excepts to the overruling of them here.

■ *The special plea and motion to vacate the consent order.* In this special plea Mrs. Hatcher urges that she is a widow, unskilled in the conduct of lawsuits and that although she did employ the attorneys who entered into the consent order on her behalf, they did it without her knowledge and without specific authority from her to do so. For that reason she asked the court to vacate the order which continued in effect the temporary restraining order against prosecution or defense of the damage action until the declaratory judgment action could be concluded.

"Attorneys have authority to bind their clients in any action or proceeding, by any agreement in relation to the cause, made in writing, and in signing judgments, entering appeals, and by an entry of such matters, when permissible, on the dockets of the court; and attorneys, who are otherwise authorized by law to take affidavits and administer oaths, shall not be disqualified to take affidavits required of their clients in any matter or proceeding of any nature whatsoever." *Code Ann.* § 9-605.

No fraud is charged against her counsel by Mrs. Hatcher, and no facts were pleaded by which any fraud could be shown. It is well settled that an attorney may consent and bind his client in a situation of this kind. *Adkins v. Bryant,* 133 Ga. 465 (66 SE 21, 134 ASR 211); *Brannan v. Mobley,* 169 Ga. 243 (6) (150 SE 76); *Elliott v. Elliott,* 184 Ga. 417 (191 SE 465); *Howell v. Howell,* 188 Ga. 803 (4 SE2d 835); *Petty v. Complete Auto Transit, Inc.,* 215 Ga. 66 (1) (108 SE2d 697); *Rooke v. Day,* 46 Ga. App. 379 (1) (167 SE 762).

■ *The general demurrers filed April 30.* These demurrers, all general, were filed by Mrs. Hatcher's original counsel and were overruled June 26, after the new attorney came into the case invoking a hearing on all her motions, demurrers and plea. She now urges that the overruling of these demurrers was error and that they should have been sustained. We agree.

The petition for declaratory judgment, brought under the Declaratory Judgments Act (*Code Ann. Ch.* 110-11), quotes the pleadings in the damage action against the policyholder, alleges that the son, as well as Mrs. Hatcher, was a named insured under the terms of the policy and that Mrs. Hatcher, the policy-

holder, has called upon the petitioner to defend the damage suit, alleges the terms of the exclusion clause of the policy, "This policy does not apply under Part I: . . . (k) to bodily injury or property damage arising from or caused by the insured's attempt . . . to resist arrest or flee from justice," and alleges as a fact that on the occurrence in question the driver of the insured car was "attempting to resist arrest for speeding and reckless driving," and that by reason thereof the exclusion clause precludes any liability on the part of petitioner for any damages arising therefrom, and there is no obligation on the part of petitioner to defend the damage action under the terms of its policy. It is further alleged that because of the filing of the damage suit and the "facts hereinabove alleged" petitioner "is in a position of uncertainty and insecurity because of the dispute relative to coverage under its insurance policy." It is nowhere alleged that there is any dispute between the parties as to the meaning of the contract of insurance in any particular, or that there is any uncertainty in the meaning of any portion of the contract of insurance; there is no allegation that the facts are in dispute on which the operation of the exclusion clause depends, and there is no prayer for a determination of disputed facts, and there is no allegation that Mrs. Hatcher takes the position that her son was neither resisting arrest nor fleeing from justice. As we view the case and the application of the unambiguous exclusion clause to the undisputed facts alleged (which must be taken as true on demurrer), the petitioner is not entitled to a declaratory judgment under the ruling in *Pennsylvania Threshermen &c. Ins. Co. v. Wilkins*, 106 Ga. App. 570 (127 SE2d 693). In our opinion, the rights of the petitioner under the facts alleged are not uncertain or in doubt, and therefore any controversy which might exist between the insurer and the insured by reason of the demand that the insurer defend the damage suit is not substantial and there is no room for a reasonable question as to the rights of the parties. As was stated in *Pennsylvania Threshermen &c. Ins. Co. v. Wilkins*, 106 Ga. App. 570, 574, supra, "Under these allegations, any controversy which might exist between the insurer, the insureds, and the driver was not substantial nor could it have the reality neces-

sary under the Declaratory Judgments Act. 'It has been said that the declaratory-judgment law permits one who is walking in the dark to turn on a light to ascertain where he is and where he is going. . . However, one walking in full daylight, who knows where he is going and is confident of the course he is pursuing, has no need either of artificial light or judicial advice.' *Venable v. Dallas*, 212 Ga. 595 (94 SE2d 416). See also *Bankers Life &c. Co. v. Cravey*, 90 Ga. App. 113, 123 (82 SE2d 150). 'A declaratory judgment cannot be obtained where there is no room for a reasonable question as to the rights of the parties.' 26 CJS 98, Declaratory Judgments, § 25; and *Brown v. Lawrence*, 204 Ga. 788 (51 SE2d 651)." See also *Loftin v. U. S. Fire Ins. Co.*, 106 Ga. App. 287, 291 (127 SE2d 53). The only controversy alleged in the petition for declaratory judgment is that Mrs. Hatcher, the insured, wants the insurer to defend the action brought against her and the insurer does not want to defend the action. This does not make a justiciable controversy, which is essential to the right to obtain an action for declaratory judgment. It is our opinion that the trial court erred in overruling the general demurrer to the petition for declaratory judgment. Of course, it is possible that the facts alleged may be entirely different from those claimed by the petitioner, but in the absence of a prayer for a determination of the true facts, no question in reference thereto is presented or decided.

■ *The special demurrers filed May 22.* Although Mrs. Hatcher designated her four demurrers filed May 22 as "general and special," it appears that they were in fact special demurrers only. The first challenges paragraph 5 of the petition as being "illusory, vague, indefinite, misleading and duplicitous" because it alleges what the defendant Turner "claims" in his damage action as being the facts of the accident in which he was injured. This was ground for special demurrer only. See *Grant v. Hart*, 192 Ga. 153, 155 (4) (14 SE2d 860). A second demurs because the entire petition in the damage action was not attached to this petition as an exhibit. This, too, is ground for special demurrer only. See *Reed v. Equitable Trust Co.*, 115 Ga. 780, 781 (2) (42 SE 102). The third challenges the

word "valid" as used in paragraph 8 alleging the exclusion to be a valid provision, as being a legal conclusion. The fourth and last is a demurrer to paragraph 10 of the petition on the ground that it asserts conclusions of law which are not based upon facts therein or otherwise pleaded. These, too, are grounds of special demurrer. See Ga. Procedure & Practice 212, § 9-6 (15). There is no magic in the nomenclature given a pleading; it is the substance that determines its nature. *Chance v. Planters &c. Cooperative,* 219 Ga. 1, 5 (131 SE2d 541).

The insurance company moved to dismiss these demurrers on the ground that they were not filed within the time required by the provisions of *Code Ann.* § 81-301. Exception to the overruling of this motion is in the cross bill of exceptions.

While, in view of our ruling in Division 3, a ruling on the cross bill of exceptions is not essential to a disposition of this case, yet in view of the importance of the rule of practice involved we do observe for the benefit of the bench and the bar that the proper disposition of a demurrer filed after the time provided by law is to strike or dismiss it. *Bennett v. Rewis,* 211 Ga. 507, 510 (87 SE2d 52); *United Jewelers, Inc. v. Emanuel Burton Diamond Co.,* 214 Ga. 170 (104 SE2d 87); *Mayo v. Owen,* 207 Ga. 641 (63 SE2d 649); *Tucker v. Howard L. Carmichael & Sons, Inc.,* 208 Ga. 201 (2) (65 SE2d 909). The overruling of a demurrer because it comes too late has been held a proper disposition of it, *Oxford v. Shuman,* 106 Ga. App. 73 (3) (126 SE2d 522), because the error in that event is harmless. "The demurrer having been filed too late, the proper practice would have been to decline to hear it at all and to order it stricken . . . [but since] the practical effect in this case is the same whether it be stricken or overruled, we will not reverse the judgment. *Green v. Hambrick,* 118 Ga. 569 (45 SE 420)." *Neal v. Davis Foundry & Machine Works,* 131 Ga. 701, 703 (63 SE 221). Quite obviously if the court had *sustained* a demurrer filed too late it would have committed reversible error. It ought neither to overrule nor sustain, but, as suggested in *Neal,* order it dismissed, if there has been no waiver of the time of filing by the opposite party. We therefore affirm the judgment on the cross bill of exceptions, with

direction that the order overruling the special demurrers be vacated and another entered dismissing them in order to conform to proper practice.

*Judgment reversed on main bill of exceptions; affirmed on cross bill with direction. Bell, P. J., Frankum, Jordan, Hall, Pannell and Deen, JJ., concur. Felton, C. J., Nichols, P. J., and Eberhardt, J., dissent as to Division 3.*

EBERHARDT, Judge, dissenting. We agree with the foregoing opinion, save as to the result reached in Division 3, dealing with the general demurrers. We really have no quarrel with the law cited, but our construction of the petition leads us to a conviction that a determination should be made in the superior court upon a trial of the matter, rather than by what amounts to a direction here that the company has no obligation to defend.

The action was timely brought (see *Gant v. State Farm Mut. Auto Ins. Co.,* 109 Ga. App. 41 (2), 134 SE2d 886), and we think it shows the existence of a justiciable controversy between the parties as to whether, under the terms of the policy, the company is required to defend or to pay any judgment that may be obtained in the damage action. We find no instance when this exclusionary clause has been construed or its terms defined by the courts of this State. In calling on the company to defend, it is obvious that Mrs. Hatcher takes the position that what her son did could not or did not bring the event within the exclusionary clause, admitting the facts pleaded for the purposes of her demurrers. This raises an uncertainty which the company is entitled to have settled.

Whether the plaintiff in a declaratory judgment action is entitled to have his rights declared is not dependent upon whether his contention be correct. It may be found untenable upon the hearing. To withstand a general demurrer it is only necessary that the plaintiff show the existence of a justiciable controversy, as provided in the Declaratory Judgments Act. *Georgia Cas. &c. Co. v. Turner,* 86 Ga. App. 418, 422 (71 SE2d 773). Accord: *Parks v. Jones,* 88 Ga. App. 188 (76 SE2d 449); *Darling v. Jones,* 88 Ga. App. 812, 815 (78 SE2d 94); *Griffin v. Hardware Mut. Cas. Co.,* 93 Ga. App. 801, 803 (1) (92 SE2d 871);

*Buffington v. New Hampshire Fire Ins. Co.,* 104 Ga. App. 139, 141 (121 SE2d 270) ; *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437 (117 SE2d 459). We think the petition meets the test of these cases and others of like tenor, and certainly this is true in the light of the fact that the Act must be liberally construed. *Mensinger v. Standard Acc. Ins. Co.,* 202 Ga. 258 (1) (42 SE2d 628).

I am authorized to state that Felton, C. J., and Nichols, P. J., concur in this dissent.