**J. W. VANDIVER, Plaintiff,**

v.

**TRANSCONTINENTAL GAS PIPE LINE CORPORATION,**
**Defendant.**

**Civ. A. No. 528.**

United States District Court
M. D. Georgia,
Athens Division.
Sept. 12, 1963.

Robert J. Reed, Darrell W. MacIntyre, Gainesville, Ga., Mark Dunahoo, Winder, Ga., for plaintiff.

Allen Post, Hansell, Post, Brandon & Dorsey, Atlanta, Howell C. Erwin, Jr., Erwin, Birchmore & Epting, Athens, Ga., for defendant.

BOOTLE, Chief Judge.

For decision now, upon briefs filed, is defendant's motion to dismiss plaintiff's complaint seeking a declaration as to the title and interest of plaintiff and defendant in lands covered by right of way agreement executed by plaintiff in favor of defendant on May 10, 1949, which shows that for a consideration of One Hundred ($100.00) Dollars received by plaintiff, plaintiff sold and conveyed to defendant:

"[A] right of way and easement for the purposes of laying, constructing, maintaining, operating, repairing, altering, replacing and removing pipe lines (with valves, regulators, meters, fittings, appliances, tie-overs, and appurtenant facilities) for the transportation of gas, oil, petroleum products, or any other liquids, gases, or substances which can be transported through a pipe line, the grantee to have the right to select the route, under, upon, over, through and across the lands of grantor" (here follows description of lands).

"There is included in this grant the right, from time to time, to lay, construct, maintain, operate, alter, repair, remove, change the size of, and replace one or more additional lines of pipe approximately parallel with the first pipe line laid by Grantee hereunder; but for any such additional line so laid the Grantee shall pay Grantor, or the depository hereinafter designated, a sum equivalent to One Dollar ($1.00) per lineal rod of such additional line, or such proportionate part thereof as Grantor's interest in said lands bears to the entire fee, within sixty (60) days subsequent to the completion of the construction of such additional line.

"The Grantee shall have all other rights and benefits necessary or convenient for the full enjoyment or use of the rights herein granted, including, but without limiting the same to, the free and full right of ingress and egress over and across said lands and other lands of the Grantor to and from said right of way and easement, and the right from time to time to cut all trees, undergrowth and other obstructions that may injure, endanger or interfere with the construction, operation, maintenance and repair of said pipe lines. The Grantee shall have the right to assign this grant in whole or in part."

Then, by the right of way agreement the plaintiff warranted the title to said premises unto defendant, and the agreement continued:

"The Grantee agrees to bury all pipe lines so that they will not interfere with the cultivation of the land, and also to pay for any damage to fences, improvements, growing crops and timber which may arise from laying, constructing, altering, repairing, removing, changing the size of and replacing such pipe lines; said damage, if not mutually agreed upon, to be ascertained and determined by three disinterested persons; one to be appointed by the undersigned Grantor, his successors, heirs or assigns; one by the Grantee, its successors or assigns; and the third by the two persons aforesaid, and the written award of such three persons, or any two of them, shall be final and conclusive."

Then the agreement concluded with a stipulation that payments due thereunder may be made direct to plaintiff, or, at defendant's option, deposited in a named bank, and with a final stipulation that "this grant covers all the agreements between the parties and no representations or statements, verbal or written, have been made modifying, adding to, or changing the terms of this agreement."

The complaint alleges that there had been laid under the agreement three pipe lines, the first in 1949, the second in 1955,

to the latter of which plaintiff objected but that he later condoned the same and concluded a settlement with defendant with respect thereto, and the third, in November, 1961, to which plaintiff objected and still objects; that in connection with the first pipe line defendant keeps open a 50 foot strip, that in connection with the second pipe line it also keeps open an additional 50 foot strip to the east of the first, and that in connection with the third pipe line defendant claims the right to keep open a third 50 foot strip to the east of the second, these lines being parallel, the one to the other.

The complaint alleges that the agreement did not authorize the defendant to lay the third pipe line, and seeks a declaration that the right of way agreement is void for lack of consideration, for uncertainty, and as an attempt to create a perpetual option in violation of the rule against perpetuities, and, as above stated, seeks "a binding declaration as to the title and interest of your petitioner and the defendant in said lands."

The motion to dismiss is based upon the ground, among others, that the right of way agreement is clear and unambiguous, and is plainly valid as against the attacks made upon it, and that, therefore, no declaratory judgment is appropriate since there is no room for reasonable question as to rights of the parties, and that, therefore, the complaint should be dismissed.

After careful consideration of the briefs submitted and study of the authorities cited and some others, this court agrees with defendant's contention.

■ There is a permissible element of judicial discretion in granting or withholding declaratory relief. Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); Central of Georgia Railway Co. v. Brotherhood of Locomotive Engineers, 191 F.Supp. 666, 668 (M.D.Ga.1960). Significantly, the Georgia statute authorizing declaratory judgments says the courts "shall have power" to issue them. GA.CODE ANN. § 110–1101(a), and the Federal statute says the courts "may" issue them. 28 U.S.C.A. § 2201. Also, there must be under both statutes an "actual controversy".

■ There must also be a doubtful question. The rule is stated as follows in 26 C.J.S. Declaratory Judgments § 25, at p. 98: "a declaratory judgment cannot be obtained where there is no room for a reasonable question as to the rights of the parties." See also Pennsylvania Thresherman and Farmer's Mutual Ins. Co. v. Gardner, 107 Ga.App. 472, 474, 130 S.E.2d 507 (1963); Brown v. Lawrence, 204 Ga. 788, 51 S.E.2d 651 (1949). Another way of stating the rule is that the actual controversy must be of sufficient substantiality, "immediacy and reality to warrant the issuance of a declaratory judgment". Pennsylvania Threshermen and Farmer's Mutual Casualty Ins. Co. v. Wilkins, 106 Ga.App. 570, 572, 127 S.E. 2d 693, 694 (1962). See also Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). In Bankers Life & Cas. Co. v. Cravey, 90 Ga.App. 113, 123, 82 S.E.2d 150, 158, the court said: "where a statute is so plain and unambiguous as not to be susceptible to any logical construction except its unmistakable mandate, there is no need of a declaratory judgment." No reason appears why this rule is not as applicable to contracts as to statutes.

■ Plaintiff's contention with reference to consideration for the right of way agreement is answered by the agreement itself for by it plaintiff acknowledges receipt of $100.00 in cash in hand paid, and the agreement also provides for an agreed additional compensation for additional lines, plus payment of damages to fences, improvements, growing crops and timber which may arise from laying, constructing, altering, repairing, removing, changing the size of, and replacing such pipe lines.

All of the other attacks made upon the written agreement by plaintiff are answered by so many decisions that it would serve no purpose for this court to

write an additional decision declaring the rights of the parties thereunder. The following language, lifted from the case of Ashcot, Inc. v. Texas Eastern Transmission Corp., 241 Miss. 392, 129 So.2d 405, 407, (1961) is as applicable in the case at bar as in the case from which taken. "Right-of-way instruments, with substantially the same provisions as the one for consideration by the Court in this instance, have been construed by courts in other jurisdictions. *With one accord*, they have held that such instruments were not vague and indefinite; and that the grantees therein had the right, under such agreements, to lay and construct additional pipelines." (Emphasis supplied). See also Crawford v. Tennessee Gas Transmission Co., 250 S.W.2d 237 (Court of Civil Appeals of Texas, 1952); Baker v. Tennessee Gas Transmission Co., 194 Tenn. 368, 250 S.W.2d 566 (1952); Sorrell v. Tennessee Gas Transmission Co., 314 S.W.2d 193 (Court of Appeals of Kentucky, 1958); Texas Eastern Transmission Corp. v. Carman, 314 S.W.2d 684 (Court of Appeals of Kentucky, 1958); Hamilton v. Transcontinental Pipe Line Corp., 236 Miss. 429, 110 So.2d 612 (1959); East Ohio Gas Co. v. James Bros. Coal Co., 85 N.E.2d 816 (Court of Common Pleas of Ohio, 1948); Caruthers v. Peoples Natural Gas Co., 155 Pa.Super. 332, 38 A.2d 713 (1944). For federal cases construing contracts essentially the same as the one here under consideration, see Tennessee Gas Transmission Co. v. Bayles, 74 F. Supp. 258 (W.D.La.1947); Babler v. Shell Pipe Line Corp., 34 F.Supp. 10 (E.D.Missouri, 1940).

■ The above cited cases, as above stated, answer all of plaintiff's attacks made upon the right of way agreement, some of them answering particularly the contention that the agreement is an attempt to create a perpetual option in violation of the rule against perpetuities. See in this connection Caruthers v. Peoples Natural Gas Co., 155 Pa.Super. 332, 38 A.2d 713; Sorrell v. Tennessee Gas Transmission Co., Ky., 314 S.W.2d 193; Texas Eastern Transmission Corp. v. Carman, 314 S.W.2d 684, and Baker v. Tennessee Gas Transmission Co., 194 Tenn. 368, 250 S.W.2d 566, 569, where the court said "that language is capable * * * of but one construction. That construction is that it grants to the gas company an easement under which the servitude may subsequently be expanded." To the same effect, see American Law Institute, Restatement of the Law, Property, § 399, page 2341, and Gray, The Rule Against Perpetuities, 3d Edition, § 279, page 264. See also Smith v. Aggregate Supply Co., Inc., 214 Ga. 20, 102 S.E.2d 539 (1958).

Accordingly, defendant's motion to dismiss will be sustained. Counsel for defendant may prepare and submit an appropriate order, after submitting it first to counsel for plaintiff, who shall have five days for suggestions as to form.