**PLANTATION PIPE LINE COMPANY,**
a corporation, Plaintiff,

v.

**Paul LOCKE, Defendant.**

**Civ. A. No. 68–360.**

United States District Court
N. D. Alabama, E. D.

Oct. 4, 1968.

Drayton T. Scott and L. Murray Alley, of Cabaniss, Johnston, Gardner & Clark, Birmingham, Ala., and Walter J. Merrill and Charles S. Doster, of Knox, Jones, Woolf & Merrill, Anniston, Ala., for plaintiff.

John R. Phillips, Anniston, Ala., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GROOMS, District Judge.

This action was brought by Plantation Pipe Line Company, a Delaware corporation, having its principal office and place of business in Atlanta, Georgia, plaintiff, against Paul Locke, a resident and citizen of Calhoun County, Alabama, defendant, upon the verified com-

plaint of plaintiff (as amended in open court prior to the hearing), seeking a preliminary injunction restraining defendant from interfering with plaintiff's activities in constructing an additional pipeline across lands owned by the defendant. On the hearing the court, after consideration of the pleadings, oral testimony offered by both parties and arguments of counsel, issued a preliminary injunction enjoining the defendant, Paul Locke, from interfering with the construction by plaintiff of an additional pipeline across land owned by the defendant in Talladega County, Alabama. The court makes the following findings of fact and conclusions of law in support of its issuance of such preliminary injunction.

## FINDINGS OF FACT

On September 13, 1941, T. B. Howle and his wife, the predecessors in title of the present defendant, granted to plaintiff an easement and right of way over certain lands of the grantors located in Talladega County, Alabama, described in such grant, "for the purpose of constructing, maintaining, operating, altering, repairing, removing, changing the size of and replacing pipe and appurtenances for the transportation as a common carrier for hire of oil, crude petroleum . . . the Grantee to have the right to select the route, under, upon, over and through the lands situate in said State and County, more particularly described as follows: (description of land) with ingress to and from said right of way." In addition, such instrument granted to plaintiff the further and following additional line rights:

"And also the right to lay, construct, maintain, operate, alter, repair, remove and replace at any time additional lines of pipe adjacent to and parallel with the line above mentioned, upon payment for each additional line so laid, the consideration above named. Such additional lines shall be laid subject to the same rights and conditions as apply to the original line. It is provided that all pipe lines constructed under this grant shall be confined to a strip of ground thirty feet in width, the center line of which shall be the center line of the first pipe line hereafter installed by Grantee over, upon, through, under or across said lands."

On December 14, 1950, the same grantors executed and delivered to the plaintiff a second grant, substantially the same as the 1941 grant.

It is undisputed that, as shown by the copies of such grants attached as exhibits to the complaint, the same were duly recorded in the office of the Judge of Probate of Talladega County, Alabama. It is further undisputed that the defendant is now the owner of the lands described in such grants and took title to said lands subject to the rights and easements conferred by the grants. Under the provisions of these grants plaintiff constructed and is presently maintaining two pipelines across such lands of the defendant.

Having elected to lay an additional third pipeline under the provisions of the grants, plaintiff's duly authorized agents contacted the defendant, and tendered to him the payments due under the grants for the construction of such third pipeline. The defendant refused to accept the tender, stating that he would not allow the plaintiff, its agents, servants or contractors to enter upon any portion of the land presently owned by him for any purposes, except the strip of land thirty feet in width, the center line of which is the center line of the first line laid across the property by the plaintiff in 1941.

The evidence showed without dispute, and the court finds that, while it is entirely feasible for the third pipeline to be located within the confines of such thirty foot strip, it is not possible to so construct such pipeline in such location without using sufficient of the lands of defendant adjacent to the thirty foot strip to afford "working space" for men and equipment to aid in the construction of such pipeline.

Plaintiff has employed a large construction company to lay such additional pipeline whose men and equipment are presently in the vicinity of such lands of the defendant, engaged in building such additional pipeline. Large and expensive pieces of machinery and numerous personnel are used in constructing such additional pipeline and are presently available and ready to construct the same across defendant's land. If the plaintiff shall be wrongfully delayed in the construction of such additional pipeline, or if it shall be temporarily deprived of its right to construct such additional pipeline across such lands of the defendant, plaintiff will suffer immediately great and irreparable harm.

## CONCLUSIONS OF LAW

In this court defendant contends, as a matter of law, that under the provisions of the grants, plaintiff must restrict all of its activities pertaining to the construction of the additional pipeline to the thirty foot strip described above.

The court concludes:

■ 1. Grants of this nature, containing additional pipeline rights, for an additional stated consideration, to be constructed at a time or times in the future to be selected by the grantee, are common instruments in the pipeline industry and have been consistently upheld by the courts. Such a grant was recently considered by the Supreme Court of Alabama in Traywick v. Transcontinental Gas Pipe Line Corporation, 277 Ala. 366, 170 So.2d 802 (1965), a case of first impression in Alabama, wherein the court cited and considered cases from other jurisdictions. In upholding the validity of the interest created by the grant in that case the court said:

Although this Court has not considered instruments like these, similar instruments have been before other courts which have generally held them not to be obnoxious to the rule against perpetuities * * * These authorities are to the effect that such instruments convey presently vested easements as distinguished from options to acquire additional servitudes at indefinite future times * * * Our view is that appellee, upon receiving the right of way agreements, acquired a vested interest in appellant's land with the right to lay a pipe line in and across said land, and with the right also to lay, from time to time, additional pipe lines across it.

As the provisions for additional line rights created by the grant in the *Traywick* case are substantially the same as in the grants presently before the court, it is clear that the Supreme Court of Alabama would sustain the validity of plaintiff's right to lay and construct the additional pipeline now under construction, and there is no question of plaintiff's legal right to lay the additional pipeline.

■■ 2. There is no merit to the contention of defendant that plaintiff is not legally entitled to enter upon lands of the defendant adjacent to the thirty foot strip for doing the necessary work to construct the additional pipeline. The court is aware of the rule that instruments drawn by a party in interest must be construed most strongly against the drawer. Upon a careful consideration of the grants, however, it is the judgment of the court that there is no ambiguity in the terms of the grants. The instruments contain no such limitation as that asserted by defendant. On the contrary, except for the restriction that all pipelines laid under the authority of the grants shall be located within the thirty foot strip, the right to construct additional pipelines extends to the entire property of defendant described in the grants. Of necessity, because the pipelines themselves must be located within the thirty foot strip, temporary working space for construction purposes will be adjacent to the thirty foot strip. The court is further of the opinion that the undisputed testimony that it is not possible for the plaintiff to do the necessary work of construction

of the additional pipeline within the confines of the thirty foot strip confirms the court's conclusion as to the legal effect of the provisions of the grants. Unless the instruments are clear to the legal effect contended for by defendant, it is presumed that the parties in good faith bargained for, and the grantee (plaintiff) was granted, a right that would be useful and possible of accomplishment.

No case has been found in which a grant similar to the grants here under consideration was before the court. However, the grants under consideration and the facts and decision of the court in Hamilton v. Transcontinental Gas Pipe Line Corporation, 236 Miss. 429, 110 So.2d 612 (1959) are extremely persuasive. The grant of the easement and the grant of additional pipeline rights in that case are substantially similar to the grants in this case except for the positive requirements of the grants in this case that all pipelines must be located in the thirty foot strip. However, in one of the grants in that case, given by Hamilton (covering different but contiguous property) the following provision was added:

"  *  *  *  area for clearing first pipe line limited to strip of land 75 feet in width, and after construction permanent occupied space for said pipe line will not exceed strip of land not in excess of 30 feet in width."

The first pipeline was constructed. Thereafter the pipe line corporation determined to construct an additional pipeline approximately parallel with the existing line and a short distance, about 47 feet, south of it. The landowner Hamilton contended that, under the added provision set forth above the additional pipeline could not be laid unless such additional line should be placed entirely within the right of way thereof which he maintained was only 30 feet wide. The court rejected the contention of the landowner and held that the pipe line corporation had the right to select the route of the new pipeline and was not obliged to locate it in the existing thirty foot right of way. The court there observed, and it is apposite here, that the court must construe contracts as made by the parties and not make new ones for them.