PER CURIAM.
This is an appeal from the trial court’s denial of Alabama Power Company’s motions for partial summary judgment and reconsideration of that motion, as well as the trial court’s order of distribution of condemnation funds. We affirm.
On May 30, 1983, Mutual Land Development Company conveyed property in Eto-wah County to Alabama Power Company to be used in the construction of H. Neely Henry Reservoir. The deed in pertinent part provided:
“KNOW ALL MEN BY THESE PRESENTS, That Mutual Land Development Company, a corporation (herein sometimes called Grantors), for and in consideration of Fifty Thousand and No/100 Dollars, ($50,000.00), to them in hand paid by Alabama Power Company, a corporation (herein sometimes called Grantee), the receipt of which is hereby acknowledged, hereby grant[s], bargain[s], sell[s] and convey[s] unto Alabama Power Company the lands located in Etowah County, Alabama, which are described on the attached sheet marked Exhibit A, which is hereby made a part hereof, together with the right of ingress and egress
Exhibit A stated:
“That part of the lands hereinafter described which would either be covered with or which either alone or together with other lands would be entirely surrounded by waters of the Coosa River or its tributaries should such river or its tributaries be raised and backed up to that certain datum plane of 511 feet above mean sea level as established by the United States Coast and Geodetic Survey, as adjusted in January, 1955. “[Metes and bounds description of the property.]
“The Grantor reserves the right to convey to the State of Alabama an easement across the lands herein conveyed for proposed Interstate Road 759; however, any such easement will be subject to the pri- or right of Grantee herein to flood permanently the lands conveyed herein up to an elevation of 511 feet. Grantor shall be entitled to the entire sum of money, if any, received for the grant of the easement for proposed Interstate Road 759.”
The Mutual Land Development Company was dissolved on December 17, 1965.
Subsequently, the State of Alabama sought to condemn some of the property in question for use in the building of Interstate Highway 759. During the course of the condemnation proceeding, the surviving directors and trustees of the dissolved Mutual Land Development Company intervened. They claimed that under the above-quoted portion of the deed to Alabama Power, they held the right to convey an easement to the State and are entitled to the entire proceeds of the condemnation. In response to that claim, Alabama Power filed a motion for partial summary judgment and a brief in support of that motion, arguing that the reservation clause by which the grantor, Mutual Land Development Company, attempted to reserve the right to convey an easement is void under the rule against perpetuities. The motion *470 was denied without written explanation. On appeal, both sides renew their arguments.
In Alabama, the rule against perpetuities is that prescribed by the common law. Code 1975, § 35-4-4. The rule provides that “no interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.” First Alabama Bank of Montgomery v. Adams, 382 So.2d 1104, 1107 (Ala.1980). The rule operates to void contingent remainders and executory interests that vest too remotely.
Central to the issue here is whether the interest reserved by the grantors was vested at the time of its creation. If so, the rule against perpetuities has no application. The grantors unequivocally reserved an interest in the property, i.e., the interest which was subject to condemnation by the State of Alabama for Interstate 759. This property interest was not contingent upon any event. It was vested in the grantors as of the date of the deed. Henderson v. Henderson, 210 Ala. 73, 97 So. 353 (1923); Traywick v. Transcontinental Gas Pipe Line Corp., 277 Ala. 366, 170 So.2d 802 (1965); Dozier v. Troy Drive-In-Theatres, 265 Ala. 93, 89 So.2d 537 (1956); Earle v. International Paper Co., 429 So.2d 989 (Ala.1983). The fact that the condemnation may not take place within the time prescribed by the rule, or ever for that matter, does not affect the nature of the interest retained by the grantors. That property interest is not contingent upon condemnation taking place.
Other arguments for reversal have been considered and found to be without merit. The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES and HOUSTON, JJ., concur.
BEATTY, ADAMS and STEAGALL, JJ., dissent.